**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Vaught,<br><br>        Plaintiff,<br><br>vs.<br><br>Scottsdale Healthcare Corporation<br>Health Plan,<br><br>        Defendant. | No. CV 05-0718 PHX-DGC<br><br>**ORDER** |

Pending before the Court is Defendant's motion for summary judgment. Docs. #17. For the reasons set forth below, the Court will grant Defendant's motion.

**A.     Factual Background**

Plaintiff, a participant in Defendant's ERISA medical plan, was injured when his motorcycle collided with an automobile on July 26, 2003. Doc. #1. On August 15, 2003, Plaintiff submitted a claim to Defendant for payment of all medical bills. Doc. #16. Plaintiff's wife provided additional information to Defendant on August 29, 2003, including a police report stating that "[Plaintiff] will be charged via long form for driving under the influence of alcohol." *Id.* On January 15, 2004, Defendant informed Plaintiff that his claim was denied. Doc. #16, Ex. 6. Defendant directed Plaintiff to refer to the "benefits booklet under exclusions and what the plan does not cover regarding motor vehicle related charges." Doc. #16, Ex. 6. The section of the benefits booklet titled "What the Plan Does Not Cover" provided that the plan does not cover injuries incurred while driving under the

influence of alcohol or drugs. Doc. #16.

**B.     Procedural Issue.**

Plaintiff filed his complaint on March 7, 2005, alleging that Defendant's denial of his claim was arbitrary and capricious, violated the plan, was an abuse of discretion, and constituted a breach of fiduciary duties. Doc. # 1. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff seeks payment of plan benefits and penalties for Defendant's alleged non-disclosure of plan documents. Id.

In preparation for a case management conference to be held on August 3, 2005, Defendant asserted that Plaintiff had failed to exhaust his administrative remedies and therefore could not pursue this action. *See* Doc. #10. Because the exhaustion issue might resolve this case, the Court directed that Defendant file a memorandum on the exhaustion issue on or before August 31, 2005, Plaintiff file a response on or before September 23, 2005, and Defendant file a reply on or before October 7, 2005. *See* Doc. #11. Apparently recognizing that the exhaustion issue could be case-dispositive, Defendant actually filed a motion for summary judgment on August 31, 2005. *See* Doc. #15. Plaintiff filed a memorandum on September 23, 2005 that addressed the exhaustion issue, but asserted that the memorandum was "not intended to constitute a Rule 56 (F.R.C.P.) response." Doc. #18. Plaintiff did not otherwise respond to Defendant's motion. Defendant filed a reply in support of its motion on October 7, 2005. *See* Doc. #27.

Despite his assertions to the contrary, the Court will treat Plaintiff's memorandum as a response to Defendant's motion for summary judgment. Defendant's motion was timely. *See* F. R. Civ. P. 56(a). Plaintiff was required to respond within 30 days. LRCiv. 56.1(b). Plaintiff did not do so, and the Court could treat the motion as having received no response. LRCiv 7.2(1). Rather than penalize Plaintiff in this manner, however, the Court will consider the exhaustion arguments asserted in Plaintiff's memorandum as a response

to the motion.[1]

C.  **Standard of Review for Summary Judgment.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Jesinger v. Nev. Fed. Credit Union*, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Jesinger*, 24 F.3d at 1130. Similarly, to preclude summary judgment the dispute must be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Because "[c]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are jury functions, not those of a judge, ... [t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970); *see Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

C.  **Relevant Law**

The Ninth Circuit has held that "federal courts have the authority to enforce the exhaustion requirement in suits under ERISA, and that as a matter of sound policy they should usually do so." *Amato v. Bernard*, 618 F.2d 559, 568 (9th Cir. 1980). "[I]n most cases, an issue not presented to an administrative decisionmaker cannot be argued for the first time in federal court." *Sims v. Apfel*, 530 U.S. 103, 112 (2000); *see also Stark v. PPM*

---

[1] Plaintiff appears to suggest that because "Defendant's MSJ goes beyond this Court's [August 8, 2005] order" he was not required to respond. Doc. #18. The Court does not agree. Nothing in the Court's August order precluded Defendant from filing its summary judgment motion, nor did the order waive the requirement for Plaintiff to file a timely response.

1  *America Inc.,* 354 F.3d 666, 672 (7th Cir. 2004) (affirming a district court's refusal to review
2  an ERISA claim based on a theory not presented in the administrative proceedings.)  The
3  purpose of the exhaustion doctrine is to "help reduce the number of frivolous lawsuits
4  under ERISA; to promote the consistent treatment of claims for benefits; to provide a
5  nonadversarial method of claims settlement; and the minimize the costs of claims settlement
6  for all concerned." *Amato*, 618 F.2d at 568*.; see Diaz v. United Agricultural Employee*
7  *Welfare Benefit Plan and Trust*, 50 F.3d 1478, 1483 (9th Cir. 1995).

**D.    Analysis.**

Plaintiff and Defendant agree that the exhaustion doctrine applies in this case. Doc. #18, 27.  Plaintiff argues that he "fully pursued and exhausted all available remedies under the Plan." Doc. #18.

The plan's appeal procedure was provided to Plaintiff in the January 15, 2004 denial letter.  It stated that if Plaintiff took issue with the denial he must submit a written appeal to the Claims Administrator within 180 days explaining (1) that he is appealing a claim denial and (2) the reason the Claims Administrator should reconsider his claim.  Doc. #16, Ex. 6.  Plaintiff asserts that he submitted his formal appeal through attorney Joseph P. Rocco on February 19, 2004, in a letter that stated, in part, "we are appealing the adverse determination of benefits under the plan." *Id.*, Ex. 8.  The letter listed seven procedural reasons for the appeal, including the complaint that the "specific reason or reasons for the adverse benefit determination have not been provided, [the] description of the plan's appeal procedures . . . has [not] been provided, [and the] description provided [for the denial] . . . is vague and ambiguous," *Id.*

Defendant argues that its January 2004 letter clearly articulated the reasons Plaintiff's claim was denied and provided a clear description of the plan's appeal procedure as well as information regarding Plaintiff's rights to "bring a civil action under ERISA." Docs. #16, Ex. 6, #17.  Defendant argues that because Plaintiff's subsequent appeal raised only procedural questions and never challenged Defendant's determination that Plaintiff's injuries were the result of his driving while under the influence of alcohol, he cannot do so

in this case. Doc. #17.

The Court agrees that the January 15, 2004 letter adequately informed Plaintiff of the reason his claim was denied, the plan's appeal procedure, and Plaintiff's right to bring a civil action under ERISA. The second page of the January letter describes the plan's appellate review process and informs Plaintiff of his right to bring an ERISA action. *Id.,* Ex. 6. Moreover, Defendant's denial letter clearly referred him to the "benefits booklet under exclusions and what the plan does not cover regarding motor vehicle related charges." *Id.*, Ex. 6. Plaintiff was in possession of Defendant's benefit booklet. Docs. ##19-26. The table of contents shows the section "What the Medical Plans Do Not Cover" on pages 23 and 24. Doc. #20. There are only two listed driving related exclusions in this section: (1) driving without a license and (2) driving under the influence of drugs or alcohol. Docs. ##21, 22. Plaintiff's wife had provided Defendant with a copy of the July 26, 2003 Scottsdale Police Report stating that Plaintiff would be charged with DUI. Doc. #16, Ex. 4. Plaintiff's blood alcohol level had registered 0.261 – three times the legal limit in Arizona. *Id.* at Ex. 5. No reasonable jury could find that on January 15, 2004, Plaintiff was not adequately informed of the reason his claims were denied.

Moreover, Defendant's March 16, 2004 letter explicitly placed Plaintiff on notice of why his claim was denied. Doc. # 16, Ex. 8. The letter read in part: "the specific reason for denial of coverage is driving under the influence of alcohol or drugs." *Id.*

If the Court construes the facts in Plaintiff's favor by counting the March 16, 2004 letter as Plaintiff's first formal notification of the reasons for denial, Plaintiff had 180 days from that date to administratively challenge Defendant's determination that the accident was a result of his driving under the influence. To date, Plaintiff has failed to do so.[2]

---

[2] The Court acknowledges that Defendant's March 16, 2004 letter appears to give Plaintiff an additional 180 days within which to submit his appeal, and that on September 14, 2004, two days prior to the appeal expiration date, Defendant rejected Plaintiff's claim as time-barred. Doc. #16, Ex. 12, 13. The Court cannot conclude, however, that this two-day premature action excuses Plaintiff's exhaustion obligation. Plaintiff has presented no

Plaintiff's first substantive challenge to Defendant's DUI determination was raised in this Court. Docs. ##1, 10. Plaintiff argues that there is no proof he was legally impaired by alcohol, and that the plan's DUI exclusion does not apply because his injuries were caused "by an automobile/motorcycle collision" rather than alcohol. Doc. #10. Plaintiff asks the Court to accept these substantive arguments and order full payment of his medical expenses, attorney's fees, and statutory penalties. *Id.* These arguments, however, were never presented to the plan administrator, either within 180 days of January 15, 2004 or 180 days of March 16, 2004. Thus, under either time calculation, Plaintiff has failed to exhaust his administrative and cannot raise these substantive arguments "for the first time in federal court." *Sims*, 530 U.S. at 112; *see also Stark,* 354 F.3d at 672.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. #17) is **granted.**
2. Defendant also filed a Motion Regarding Discovery (Doc. #17) is **denied** as moot.
3. The Clerk of the Court is directed to terminate this action.

DATED this 23rd day of January, 2006.

———
David G. Campbell
United States District Judge

---

evidence, and does not argue, that he would have raised a substantive challenge to Defendant's DUI determination between September 14 and 16, 2004.