**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Vaught, | No. CV-05-718-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Scottsdale Healthcare Corporation Health Plan, | |
| Defendant. | |

Raymond Vaught is a participant in the Scottsdale Healthcare Corporation Health Plan ("Plan"), an ERISA-governed medical plan sponsored and administered by Scottsdale Healthcare Corporation ("Plan Administrator"). Vaught was injured when his motorcycle collided with an automobile on July 26, 2003. A police report of the accident indicated that Vaught would be charged for driving under the influence of alcohol. Medical records showed that Vaught had a 0.261 blood alcohol level at the time of the accident. Vaught sought reimbursement of his accident-related medical costs from the Plan. The claim was denied on the ground that the Plan does not cover injuries incurred while driving under the influence of alcohol.

Vaught filed a complaint alleging that the Plan had violated ERISA and the terms of the Plan in handling his claim. Dkt. #1. The complaint requests Plan benefits, penalties for non-disclosure of Plan documents, and attorneys' fees and costs. *Id.*

The Court granted the Plan summary judgment on the ground that Vaught had failed to exhaust the Plan's internal remedies because he was challenging the Plan's DUI exclusion for first time in federal court. Dkt. #28. The Ninth Circuit reversed, concluding that Vaught exhausted his administrative remedies and was not precluded from raising a new theory in federal court. *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620 (9th Cir. 2008). The case was remanded with instructions to the Court to decide "whether allowing additional evidence outside the administrative record is appropriate in this case, and whether de novo or deferential review applies to the Plan's decision." *Id.* at 633. As requested by the Court (*see* Dkt. ##42-43), the parties have filed memoranda addressing the standard and scope of review. Dkt. ##48-49.

**I.     Standard of Review.**

De novo review is the default standard for a plan administrator's denial of benefits. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). The standard shifts to abuse of discretion where a plan grants the administrator discretionary authority to construe the terms of the plan or determine eligibility for benefits. *Id.* (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). But where the administrator fails to act or exercise its discretion under the plan, "'de novo review is appropriate because the [administrator] has forfeited the privilege to apply [its] discretion[.]'" *Id.* at 972 (quoting *Gritzer v. CBS, Inc.*, 275 F.3d 291, 296 (3d Cir. 2002)).

Abuse of discretion review generally would apply to administrative decisions under the Plan because the Plan Administrator is granted "discretionary authority to interpret the terms of the [Plan], and to resolve all issues relating to eligibility to participate and the amount of any benefits payment due under the [Plan]." Dkt. #16-2 at 11. Vaught argues that de novo review is appropriate in this case because the Plan Administrator failed to act on Vaught's administrative appeal. Dkt. #49 at 2. The Court agrees.

The Plan maintains a two-level appeals process for post-service claims. Dkt. #16-3 at 20. A claimant has 180 days from the date of the initial determination to file an appeal with a claim administrator. *Id.*; Dkt. #16-2 at 15. The claim administrator must issue a

decision no later than 60 days after the appeal is received by the Plan. Dkt. #16-2 at 15. The claimant then has 90 days to request a second level appeal review by the Plan Administrator. Dkt. #16-3 at 20. The Plan provides that during the appeal process, both the claim administrator and the Plan Administrator "will conduct a full and fair review, consider all the evidence and exercise their fiduciary discretion to interpret the Plan and decide the appeal." *Id.* The Plan further provides that appellate review "will not afford deference to the initial determination[.]" Dkt. #16-2 at 15.

Vaught's claim was denied initially on August 15, 2003, and again on January 15, 2004. Dkt. #16-3 at 5, 19. Vaught timely appealed the adverse determination. Dkt. #16-4 at 2-7. "[T]he Plan erroneously declined to hear Vaught's appeal, and thus did not give Vaught an initial appeal-level determination. Instead, the Plan let the initial denial of benefits stand and made clear that it had completed its decisionmaking process." *Vaught*, 546 F.3d at 629.

"Deference to an exercise of discretion requires discretion actually to have been exercised." *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1106 (9th Cir. 2003). When the Plan failed to act on Vaught's appeal, it failed to exercise the discretionary authority granted it for appeal-level determinations. As already noted, those determinations are to be made without deference to the initial determination. Dkt. #16-2 at 15. Because Vaught was denied the Plan-prescribed discretionary review of the initial claim determination, de novo review is appropriate. *See Abatie*, 458 F.3d at 972 ("[R]eview is de novo when the plan administrator fails to exercise discretion.") (citations omitted); *Jebian*, 349 F.3d at 1106 (administrator's failure to render a decision as required by the terms of the plan was "undeserving of deference under *Firestone*, and a *de novo* standard of review applie[d]").

The Plan asserts that there is no evidence in the administrative record of substantial "procedural irregularities" required under *Abatie* to warrant abandonment of the abuse of discretion standard. Dkt. #48 at 5. Even if the Court were to assume that the Plan substantially complied with the procedural requirements of ERISA, de novo review still

would apply because the Plan has never ruled on Vaught's appeal as required by the express terms of the Plan. The Plan cites "no authority holding abuse of discretion to be the appropriate standard where the plan administrator fails entirely to issue a decision, and, as noted, *Abatie* holds to the contrary." *Kowalski v. Farella, Braun & Martel, LLP*, No. C-06-3341 MMC, 2007 WL 2123324, at *2 (N.D. Cal. July 23, 2007).[1]

## II. Scope of Review.

Because de novo review applies, the Court evaluates the administrative decision "without reference to whether the administrator operated under a conflict of interest." *Abatie*, 458 F.3d at 963. Discovery and evidence relating to the conflict of interest issue is therefore unnecessary. *See Frank v. Wilbur Ellis Co. Salaried Employees LTD Plan*, No. CV F 08-284 LJO-GSA, 2009 WL 347789, at *7 (E.D. Cal. Feb. 11, 2009) ("[T]his Court's de novo review renders a purported conflict of interest irrelevant.").

Vaught claims that there is no proof he was legally impaired by alcohol and that the Plan's DUI exclusion does not apply because his injuries were caused "by an automobile/motorcycle collision" rather than alcohol. Dkt. #10. Vaught asserts that the administrative record is incomplete and one-sided due to the Plan's refusal to process his appeal. Dkt. #49 at 8. Vaught seeks to supplement the record with testimony from his companions on the night of the accident, the attorney who represented him in city court in connection with the accident, and the individuals who made the benefit decision. *Id.* at 6.

In reviewing the benefit decision de novo, the Court has discretion to consider evidence outside the administrative record. *See Abatie*, 458 F.3d at 969-70. This Circuit has

---

[1] Other cases have recognized that de novo review applies when a plan administrator fails to satisfy a significant procedural requirement of the plan. *See Gatti v. Reliance Std. Life Ins. Co.*, 415 F.3d 978, 982-85 (9th Cir. 2005) (holding that violations of time limits set forth in ERISA regulations do not require de novo review and distinguishing *Jebian* because in that case the plan administrator had violated the time limits set forth in the plan); *Pisek v. Kindred Healthcare, Inc. Disability Ins. Plan*, No. 1:06-cv-372-RLY-TAB, 2007 WL 2068326, at *9 (S.D. Ind. July 17, 2007) ("Ninth Circuit precedent set forth in *Jebian* and *Gatti* requires de novo review in this case because Plaintiff relies on the 45-day time limit for determining appeals set forth in the Plan, not the regulations.").

made clear, however, that extrinsic evidence may be considered "only under certain limited circumstances." *Opeta v. Nw. Airlines Pension Plan for Contract Employers*, 484 F.3d 1211, 1217 (9th Cir. 2007) (citing *Mongeluzo v. Baxter Travenol LTD Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995)). The Court should consider extrinsic evidence "'only when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision." *Mongeluzo*, 46 F.3d at 943-44 (citation omitted); *see Lona v. Prudential Ins. Co. of Am.*, No. 07-CV-1276oIEG (CAB), 2009 WL 35472, at *1 (S.D. Cal. Jan. 5, 2009) (courts "narrowly apply *Mongeluzo* in determining whether extrinsic evidence is 'necessary'") (quoting *Opeta*, 484 F.3d at 1217).

Vaught does not identify the nature of testimony he seeks to make part of the record in this case. Nor does he explain why consideration of the testimony is necessary for a full and fair review of the benefit decision. "Under *Mongeluzo*, [the Court] must determine whether *each piece* of extrinsic evidence [is] necessary for the [C]ourt to conduct an adequate de novo review." *Opeta*, 484 F.3d at 1218 (emphasis added). The Court simply cannot, at this point, determine whether the proposed "testimony is clearly necessary for the Court to conduct adequate de novo review of the denial of [Vaught's] claim." *Lona*, 2009 WL 35472, at *1.

Vaught also seeks permission to subpoena his medical records and propound various discovery requests. Dkt. #49 at 6. Vaught does not explain why his own medical records must be subpoenaed or how they are relevant to the Court's de novo review. Nor does Vaught describe the specific discovery requests he wishes to propound or the information he believes will be discovered.

Whether to permit discovery in an ERISA case, and the scope of any such discovery, are challenging issues. On one hand, a primary goal of ERISA is to provide a means for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. *See Wilcox v. Metro. Life Ins. Co.*, No. CV 04-0926 PHX-DGC, 2009 WL 57053, at *2 (D. Ariz. Jan. 8, 2009) (citations omitted). Extensive discovery conflicts with that purpose. On the other hand, evidence outside the administrative record and not within Vaught's

control may be necessary to conduct an adequate de novo review of the benefit decision. *See Opeta*, 484 F.3d at 1217 (providing a non-exhaustive list of exceptional circumstances where consideration of extrinsic evidence could be necessary for adequate de novo review) (citing *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993)); *Friedrich v. Intel Corp.*, 181 F.3d 1105, 1111 (9th Cir. 1999) (district court did not abuse its discretion under *Mongeluzo* in admitting additional evidence where the claimant was prevented from providing medical records necessary to support his claim during the administrative review).

To determine the scope of review and the need for discovery in this case, further briefing, unfortunately, is required. Because this will be the third round of briefing since this case was remanded (*see* Dkt. ##41, 48, 49), the Court will require that it occur quickly. On or before **4:00 p.m. on March 20, 2009**, Vaught shall file a memorandum, not to exceed five pages, setting forth (1) the specific testimony he seeks to make part of the record, including the general substance of that testimony and whether it can be submitted by affidavit, (2) the specific discovery requests he wishes to propound and the information he believes will be discovered, (3) the reasons why the extrinsic evidence is necessary for the Court to conduct adequate de novo review, and (4) a proposed schedule for the discovery. The Plan shall file a response memorandum, not to exceed five pages, on or before **4:00 p.m. on March 27, 2009**. The Court will then issue an additional order.

DATED this 10th day of March, 2009.

*[signature]*

David G. Campbell
United States District Judge