**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Vaught, | No. CV-05-718-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Scottsdale Healthcare Corporation Health Plan, | |
| Defendant. | |

Raymond Vaught is a participant in the Scottsdale Healthcare Corporation Health Plan ("Plan"), an ERISA-governed medical plan. Vaught sought reimbursement of accident-related medical costs from the Plan. The claim was denied, and Vaught filed a complaint alleging that the Plan had violated ERISA and the terms of the Plan. Dkt. #1. On March 10, 2009, the Court issued an order finding that de novo review applies, but concluding that further briefing was required to determine the scope of review and the need for discovery. Dkt. #50. The parties have filed memoranda addressing those issues. Dkt. ##51-53.

**I.    Scope of Review.**

Vaught asserts that the central disputed factual issue in this case is whether he was impaired by alcohol at the time of the accident. Dkt. #51 at 3. He seeks to present extrinsic evidence purportedly showing that he could not have been impaired because he carefully limited his alcohol consumption to less than one drink per hour prior to the accident. *Id.* The proposed extrinsic evidence includes records from Vaught's criminal DUI case and testimony

from Vaught, his companions on the night of the accident, and the attorney who defended him against the DUI charge. *Id.* at 10.

In reviewing the benefit decision de novo, the Court has discretion to consider evidence outside the administrative record under certain limited circumstances. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 969-70 (9th Cir. 2006) (en banc); *Mongeluzo v. Baxter Travenol LTD Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995). The Court may consider extrinsic evidence where the administrative review process was limited to little or no evidentiary record. *See Opeta v. Nw. Airlines Pension Plan for Contract Employers*, 484 F.3d 1211, 1217 (9th Cir. 2007) (citing *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993)).

In this case, the administrative decision was based on a sparse evidentiary record as the Plan denied Vaught's claim solely on the basis of a police report of the accident indicating that Vaught would be charged with DUI and a medical record showing that Vaught had a 0.261 blood alcohol level. *See* Dkt. #16-3 at 6-20. The administrative review process was limited when the Plan erroneously declined to hear Vaught's appeal. *See* Dkt. #50 at 3 (citing *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 629 (9th Cir. 2008)). The Court concludes that consideration of the proposed extrinsic evidence is necessary to conduct an adequate de novo review.

The Plan contends that the extrinsic evidence is irrelevant because the denial of Vaught's claim was proper under the Plan's DUI exclusion whether or not Vaught was legally impaired at the time of the accident. Dkt. #53 at 3-4. At this stage of the litigation, however, the Court is not determining the propriety of the benefits decision. Rather, the Court must decide whether, in reviewing the benefits decision de novo, Vaught is entitled to present extrinsic evidence in support of his claim. The Court concludes that he is. *See Opeta*, 484 F.3d at 1217.

**II.     The Need for Discovery.**

Vaught seeks to propound various requests for production of documents and requests for admissions (Dkt. #51 at 12-14), but does not explain why the proposed discovery is

necessary to conduct an adequate de novo review of the benefit decision.  The Court will permit Vaught to propound his proposed requests for admission (Dkt. #51, Ex. 4) and the third of his proposed requests for production (Dkt. #51, Ex. 3), but will not permit him to propound his first and second proposed requests for production.  Vaught has provided no explanation for these requests, and they do not appear to be related to the Court's de novo review.  As Vaught has requested no additional discovery and the Plan has sought none, no further discovery will be permitted in this case.

**III.    Further Proceedings.**

By April 24, 2009, the parties shall file a joint report setting forth a proposed method and schedule for resolving the merits of this case, whether by filing motions for summary judgment or holding a trial.  The Court will then enter an appropriate order setting forth the procedures for resolution of this case on the merits.

**IT IS ORDERED:**

1. Plaintiff's request to supplement the administrative record with extrinsic evidence is **granted**.
2. Plaintiff's request to conduct discovery is **granted in part and denied in part** as set forth above.
3. The parties shall file a joint report setting forth a proposed schedule by **April 24, 2009**.

DATED this 6th day of April, 2009.

_____
David G. Campbell
United States District Judge

- 3 -