**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Raymond Vaught, | No. CV-05-718-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Scottsdale Healthcare Corporation Health Plan, | |
| Defendant. | |

Raymond Vaught is a participant in the Scottsdale Healthcare Corporation Health Plan ("Plan"), an ERISA-governed medical plan. Vaught sought reimbursement of accident-related medical costs from the Plan. The claim was denied, and Vaught filed a complaint alleging that the Plan had violated ERISA and the terms of the Plan. Dkt. #1. The Court issued orders finding that de novo review applies and that Plaintiff was entitled to conduct limited discovery and present certain extrinsic evidence in support of his claim. Dkt. ##50, 54. The parties have filed a joint report regarding the method and schedule for the disposition of the case. Dkt. #57.

The parties agree that the Court may enter judgment on the merits following briefing in the form of motions for judgment. Dkt. #57 at 2, ¶ I(A). Defendant proposes a schedule that includes two supplementations of the administrative record: simultaneous initial and rebuttal supplementations. *Id.* at 3. Plaintiff argues that Defendant – as the plan administrator – should not be allowed to supplement the record and essentially "tack on" a

1 new reason for the administrative decision denying the claim. *Id.* at 3-4.

2        As the Court explained in its April 6, 2009 order, because the Court is reviewing the administrative decision de novo, it may, under certain limited circumstances, consider evidence outside the administrative record where the evidence is necessary to conduct an adequate review. *See* Dkt. #54 at 2 (citing *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 969-70 (9th Cir. 2006) (en banc); *Mongeluzo v. Baxter Travenol LTD Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995)). The Court concluded that Plaintiff should be allowed to present extrinsic because the administrative decision was based on a sparse evidentiary record and consideration of the proposed extrinsic evidence is necessary to conduct an adequate de novo review. *Id.* (citing *Opeta v. Nw. Airlines Pension Plan for Contract Employers*, 484 F.3d 1211, 1217 (9th Cir. 2007)).

        Defendant has not identified the extrinsic evidence it may seek to present, nor has it shown that the evidence is necessary for an adequate de novo review. The Court cannot, on the record before it, determine whether Defendant should be permitted to present extrinsic evidence in support of the denial of Plaintiff's claim. The Court will require Plaintiff to present all of his extrinsic evidence in his motion for judgment. Defendant may present rebuttal extrinsic evidence in its response to Plaintiff's motion, but must explain why that evidence is necessary to an adequate de novo review.

**IT IS ORDERED:**

1. The parties shall file motions for judgment, not to exceed 10 pages, by **August 14, 2009**. Plaintiff shall present all of his extrinsic evidence in his motion for judgment.

2. Responses, not to exceed 7 pages, shall be filed by **August 28, 2009**. Defendant may present rebuttal extrinsic evidence in its response to Plaintiff's motion, but must explain why that evidence is necessary to an adequate de novo review.

3. Replies, not to exceed 7 pages, shall be filed by **September 11, 2009**..

4. After briefing is complete, the Court will determine whether oral argument, a

1  bench trial, or other evidentiary hearing is required.

2  DATED this 1st day of June, 2009.

*David G. Campbell*
United States District Judge