**RANDOLPH G. BACHRACH**
ATTORNEY AT LAW
7303 W. BOSTON STREET
CHANDLER, ARIZONA 85226
Tel: (480) 753-4474
Fax: (602) 707-7512
(AZ #12621 - CA #93278)

Attorneys for Plaintiff

# United States District Court

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| RAYMOND VAUGHT,<br><br>                     Plaintiff,<br><br>vs.<br><br>SCOTTSDALE HEALTHCARE CORPORATION HEALTH PLAN,<br><br>                     Defendant. | No.: CV 05 0718 PHX DGC<br><br>RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff now responds to Defendant's Motion for Summary Judgment ("MSJ").

**I.     Introduction.**

Defendant's ("SHC") interpretation of its own contract "is. . . uncommonly silly." *See, Lawrence v. Texas,* 539 U.S. 558, 605 (2003) (Thomas, J., dissenting). It can be fairly summarized as follows: Defendant claims that the Plan's D.U.I. provision is "clear and unambiguous" (MSJ, pg. 2:14) and defeats *both* Vaught's reasonable expectation of coverage, and, the Plan's apparent coverage for "**accidental injury**" because Arizona's D.U.I. laws "encompass Vaught's operation of a motor vehicle. . ." (MSJ, pg. 5:19), despite the fact that Vaught was never convicted of any D.U.I. charge. In fact, the contract *is* ambiguous and Vaught was *not* D.U.I. when injured. The MSJ lacks substantial merit and should be denied.

Curiously, SHC chiefly supports its MSJ with dicta from a footnote of the dissent, in Vaught's successful appeal.[1] (MSJ, pg. 6.) Inexplicably, the dissenting judge in *Vaught* went far beyond the issue on appeal (i.e., administrative exhaustion) to comment on the merits of

---

[1] *Vaught v. Scottsdale Healthcare Corp. Health Plan,* 546 F.3d 620, 636, fn. 6 (9th Cir. 2008).

the case.  Neither party had <u>ever</u> before briefed the merits of the case.  Yet, in the dissent's view of the unbriefed merits of the case, Vaught's causation arguments are "cockamamie."[2] *See Vasquez v. Astrue,* 06-16817 (9th Cir. 7-8-2009) (". . . [a] conclusion [that has] no bearing on the result in that case [] is therefore non-binding dicta.").  *Id.*, at 8423 (citation omitted).

**II.     Vaught was entitled to benefits from the Plan based upon his reasonable expectation for apparent coverage of "accidental injury".**

The Plan expressly covers "accidental injury" (*See* Plf.'s Motion for Judgment, SOF, Exh. 1, pg. 9, hereinafter, "Plf.'s Exh. x") defined as "an unforeseen or unexpected event." (Plf.'s Exh. 1, pg. 45.)  Auto accidents, by nature, are unexpected.  SHC bears the burden with respect to purported exclusionary language alleged to defeat apparent coverage.[3] Specifically, SHC must show that any exclusions are clear, conspicuous and unambiguous. SHC fails to meet its burden, *especially*, under the more exacting summary judgment standard.  *See United Ass'n Local 38 v. Aetna Cas. & Sur. Co,* 790 F.2d 1428, 1430 (9th Cir. 1986) ("The evidence and inferences that may be drawn from [evidence supporting a summary judgment motion] must be construed in the light most favorable to the party opposing summary judgment [citing] *Beckham v. Safeco Insurance Co. of America*, 691 F.2d 898, 902 (9th Cir. 1982)).

**III.    The Plan's D.U.I. provision is inherently vague and ambiguous.**

---

[2]  The *Vaught* dissent went extraordinarily further, even suggesting that Vaught and his attorney possibly concocted a theory of the case during a drunken stupor: "It may be that Vaught's novel interpretation of the DUI exclusion clause had not occurred to him [and] his attorney until just before filing his district court action, because neither had achieved another 0.2618 blood alcohol level since the accident." *Vaught*, 546 F.3d fn. 11 (Bea, J., dissenting).  For both professional and religious reasons, Plaintiff's attorney was greatly offended by this injudicious remark made in a <u>published</u> Ninth Circuit opinion.  Needless to say, the dissent's speculation as to either the merits of the case or the morals of Plaintiff's counsel, has no place or support in the record.

[3]  *See, e.g., Boldon v. Humana Ins. Co.,* 466 F. Supp.2d 1199, 1209 (Ariz. 2006) ("ERISA places the burden of proving an exclusion from coverage in an ERISA-regulated welfare plan on the plan administrator."). [Citations omitted.]

2

The Plan does not define "driving under the influence." Thus, there are multiple reasonable interpretations including: (1) the insured was "legally impaired" (under State D.U.I. laws) when injured; (2) the insured consumed alcohol in any amount and from any source (e.g., a physician prescribed cold medication) prior to an auto accident; (3) the insured is injured by any other person who is D.U.I. (either 1 or 2, above) whether or not the insured is a driver, a passenger or a pedestrian, at the time of the accident; or, (4) as noted by one court reviewing a slightly different alcohol-related provision:[4] ". . .if the insured was sitting on her porch drinking beer and was struck by a meteor, she would not be covered by the policy." *Holloway v. J.C. Penney Life Ins. Co.,* 190 F.3d 838, 839 (7th Cir. 1999). The Plan's vague and undefined D.U.I. provision does not eliminate any of the above alternative interpretations. Thus, it cannot be construed against the insured. *See Kellogg v. Metro. Life Ins.,* 549 F.3d 818, fn.3 (10th Cir. 2008) ("Insurance contract language is ambiguous if it is reasonably susceptible of different interpretations. . ."). SHC's claims personnel interpreted the Plan's D.U.I. provision consistent with alternative No. 1, above (i.e., "over the legal limit"). (Plf.'s Exhs. 7, 8; see, also, Exh. 17, ¶¶ 19-21.) If the administrative appeal had been accepted, the Plan would have learned that Vaught was not "over the legal limit" as shown by substantial and credible evidence. (Plf.'s Exhs. 2, 3, 4, 13-17.)

IV. **Defendant's D.U.I. evidence is not credible.**

SHC admits (MSJ, pg. 3) that its claim decision was based exclusively on just two documents, a *preliminary* police report (Def.'s Exh. 4) and a standard hospital (blood series) lab report (Def.'s Exh. 5). That's it; nothing else reasonably informed SHC's hurried decision to deny Vaught's accident claims. To begin, the police report is obviously irrelevant because

---

[4] "No benefit shall be paid for Loss that occurs while the Covered Person's blood alcohol level is .10 percent weight by volume or higher." 190 F. 3d at 839. This provision differs from the SHC D.U.I. provision because the latter can be interpreted to apply to any amount of blood alcohol content; the former cannot.

3

all D.U.I. charges against Vaught were dismissed based on lack of evidence. (Plf.'s Exh. 2.)[5] This information, of course, would have been important and relevant in a "full and fair review" of Vaught's administrative appeal had his appeal not been "erroneously" rejected by the Plan Administrator. (*Vaught*, 546 F.3d at 629).

Defendant's Exh. 5 (the hospital lab report) also has virtually no evidentiary value. First, on its face, it is incomprehensible to the layman. This is a technical document which requires interpretation by an expert. Rule 702, F.R.E. Second, according to the document itself, it has a restricted use. It states: "THIS TEST IS TO BE USED FOR MEDICAL PURPOSES ONLY." (Def.'s Exh. 5.) Third, this report conspicuously involved a "blood serum" analysis; not, a whole blood analysis. Serum results must first be converted into whole blood results in order to estimate a B.A.C. level. Again, this requires an expert. *See, e.g., Com. v. Bartolacci,* 409 Pa. Super. 456, 459 598 A.2d 287 (1991) ("Evidence offered of a reading based upon a test of blood serum, without conversion, will not suffice" to support a D.U.I. conviction). SHC will likely complain that the criminal conviction standard does not apply to its Plan. That is not true, however, because at least one reasonable interpretation of the Plan's D.U.I. provision requires a finding of "legal intoxication" (see, above).

**V.     Defendant misinterprets the Plan's D.U.I. provision.**

Plan administrator's are not allowed to arbitrarily interpret plan documents. *See Saffle v. Sierra Pacific Power Co.,* 85 F.3d 455, 458 (9th Cir. 1996) ("An ERISA plan administrator abuses its discretion if it construes provisions of the plan in a way that 'conflicts with the plain language of the plan' [citation omitted]." SHC argues that Vaught has no coverage *even* in the absence of evidence of a D.U.I. conviction (i.e., "legal impairment"). (MSJ, pg. 8.) SHC's interpretation of its D.U.I. language is incorrect because it conflicts with the Plan's apparent coverage for "accidental injury" which is not qualified or limited by "proximate or remote" or "direct or indirect" causes of accident. If that was SHC's intent, it could have

---

[5] "Except for another violation of this article, the state shall not dismiss a charge of violating any provision of this [D.U.I.] article unless there is an insufficient legal or factual basis to pursue that charge." A.R.S. § 28-1387(H).

4

easily said so by clear and conspicuous language. Absent in the record is any credible or reliable evidence that Vaught was D.U.I. when injured. But, even if such evidence existed, the Plan's D.U.I. provision cannot defeat either apparent Plan coverage for "accidental injury" or Vaught's reasonable expectation of payment for his <u>accident</u>-related medical expenses. In effect, SHC seeks to enforce an undisclosed Plan exclusion, i.e., a provision that remote or indirect causes of an accident resulting in injury will defeat apparent coverage for "accidental injury." Plan administrators have no authority to enforce undisclosed provisions of the Plan. *See Blau v. Del Monte Corp.,* 748 F.2d 1348, 1354 (9th Cir. 1984) (". . . imposition of a standard that is not contained in the terms of a plan amounts to an arbitrary and capricious decision"). At best, this D.U.I. provision is poorly written, meaning that

> Any burden of uncertainty created by careless or inaccurate drafting of the summary must be placed on those who do the drafting, and who are most able to bear that burden, and not on the individual employee, who is powerless to affect the drafting of the summary or the policy and ill equipped to bear the financial hardship that might result from a misleading or confusing document. Accuracy is not a lot to ask.

*Weis v. Accidental Death, etc.,* 442 F. Supp.2d 850, 853 (N.D.Cal. 2006) (citation omitted). *See also, McClure v. Life Insurance Company,* 84 F.3d 1129, 1135 (9th Cir. 1996) (ERISA common law requires "'the plaintiff to show that the accident was the predominant, as opposed to remote, cause of the injury.' [citing] *Henry v. Home Ins. Co.*, 907 F. Supp. 1392, 1394, 1398 (C.D. Cal. 1995) (Tashima, D.J.)"); *Southern Farm Bureau Life Ins. v. Moore,* 793 F. Supp. 702, 706 (S.D.Miss. 1992) (apparent coverage is not defeated if the contract "does not clearly and unambiguously distinguish between proximate or direct causes on the one hand and remote or indirect causes on the other. . ."). Also in accord, *Stroburg v. Insurance Company of North America,* 464 S.W.2d 827, 831 (Tex. 1971) (even where the contract limits coverage to "direct[] and independent[]" causes of loss, coverage will be sustained because: ". . .a remote cause of a cause would not be a proximate cause."); *Huff v. Aetna Life Ins. Co.,* 120 Ariz. 548, 550 (App. 1978) (". . .the courts of this country uniformly would not bar recovery under the policy when the preexisting infirmity merely led to an accident which in turn produced a distinct injury or loss"). SHC argues that alcohol

5

consumption (in any amount) negates "accidental injury" coverage. (MSJ, pg. 7:26.) Thus, even insured's who drink responsibly will be punished (by an *undisclosed* exclusion).

SHC never actually supports its D.U.I. interpretation with independent arguments. Rather, the MSJ merely restates (at least 7 times) the D.U.I. language itself to support its claim decision. (MSJ, pg. 2:14, 2:16, 3:21, 5:24, 6:4, 6:11 and 7:27) This is not argument. This is simply circular reasoning which only "begs the question." "'Begging the question', is committed 'when a proposition which requires proof is assumed without proof' (citation omitted)." (http://en.wikipedia.org/wiki/Circular_reasoning). Therefore, the *question* (to wit, is the Plan's D.U.I. provision susceptible to more than one reasonable interpretation?) remains unanswered in Defendant's MSJ. It is clearly not enough to merely repeat the language of the contract to prove that the Plan's interpretation is singularly correct. In fact, SHC's interpretation borders on the ridiculous because it assumes, for example, that a typical insured would understand from this provision that she has no coverage even if she consumes a standard dose of liquid NyQuil (containing alcohol) and later is injured in a car accident.

## VI. Defendant's MSJ misstates the record on other material points.

SHC alleges that Vaught "has never challenged the accuracy or *bona fides* of [the serum] blood test result." (MSJ, pg. 5:12.) To begin, the parties' current (judgment) motions are the first to address the merits. So, if by "challenge" SHC means substantive motions, that would be accurate. But, SHC's argument implies something more because it qualifies it to "the four-plus years this case has been litigated." With that qualification, SHC's argument is flat wrong. First, it is the "law of the case" that Vaught was "erroneously" denied an administrative "challenge" to his denied claims. And, SHC's argument is refuted in the record. Vaught "challenged" the blood test result when (1) he told the Plan he wanted to appeal (2) when he successfully defended criminal D.U.I. charges and, (3) before this Court (Docket # 18, pg. 10) when he "challenged" as a "false" "assumption" SHC's claim that he was D.U.I. when injured. All of the above relied upon an "unsuitable" (Plf.'s Exh. 4) hospital-drawn blood sample analysis report to conclude that Vaught was "legally impaired" by alcohol when injured. SHC also wrongly asserts the "Plan relied upon" a "different blood

6

sample" than that which was involved in the criminal D.U.I. case. (MSJ, pg. 8:9.)  There is nothing in the record to support this allegation.  The blood serum sample relied upon by the Plan, the police and the prosecutor, is the same.  After the accident, there was only one blood draw performed purporting to analyze Vaught's B.A.C..  Further, Defendant's MSJ crosses the line of permissible advocacy by claiming that its EOB advised Vaught "specifically [of] the provision regarding DUI-related expenses" (MSJ, pg. 3:23.)  This is false.  None of the EOBs contain any *specific* reference to Plan provisions or exclusions.  (Plf.'s Exhs. 8, 9.)  This is an inexcusable misrepresentation of a material fact to the Court.

None of SHC's cited case law applies to these facts or relevant law.  *Jordan v. Northrup* 63 F. Supp.2d 1145 (C.D. Cal. 1999) (MSJ, pg. 7:19) is inapposite because it was an abuse of discretion review where, unlike here, the plan administrator considered the insured's additional evidence (during an "initial review" and two subsequent formal appeals). Having denied Vaught any post-claim review, SHC disingenuously compares its own conduct to that of the *Jordan* plan administrator.  SHC also cites *Carter v. Ensco, Inc.,* 438 F. Supp.2d 669 (W.D. La. 2006) (MSJ, pg. 8:20) which reviewed a plan's "illegal acts" exclusion.  There is no "illegal acts" exclusion in this Plan.  And, even if there was, it would not apply because there is no evidence that Vaught was "legally impaired" by alcohol when injured.   Finally, *Kitchen v. Kosciusko* No. 3:98-CV-0613RM (N.D. Ind. April 17, 2000) is equally irrelevant because it also involved deferential review of a claim denial based on illegal acts exclusions.

**VII.   Conclusion.**

Defendant is not entitled to summary judgment because the D.U.I. provision is ambiguous and, as interpreted by SHC, emasculates apparent coverage for "accidental injury."  The proximate cause of Vaught's injuries was an "accident" and the Plan does not disallow recovery where a remote cause of accident causing injury *may* also be involved.  And, even if the Plan's D.U.I. provision is deemed unambiguous it does not apply due to the weight of substantial reliable evidence in the record that Vaught was not D.U.I. at the time of his "accidental injury."  Defendant's MSJ lacks substantial merit as a matter of fact, law and contract.  It should be denied.

7

| | |
|---|---|
| 1  DATED:  August 28, 2009 | **RANDOLPH G. BACHRACH** |
| 2 | **Attorney at Law** |

3
4       By   s/Randolph G. Bachrach
5            Randolph G. Bachrach
6            7303 W. Boston Street
7            Chandler, Arizona  85226
             Attorney for Plaintiff

8  I hereby certify that on August 28, 2009
9  I electronically transmitted the attached
10 document to the Clerk's Office using the
11 CM/ECF System for filing and transmittal
12 of a Notice of Electronic Filing to the
13 following CM/ECF registrants:

14 Lawrence J. Rosenfeld
15 Leigh Anne Ciccarelli
16 GREENBERG TRAURIG, LLP
17 2375 East Camelback Road, Ste. 700
18 Phoenix, AZ 85016
19 Attorneys for Defendant

20       s/Randolph G. Bachrach

**RANDOLPH G. BACHRACH**
ATTORNEY AT LAW
7303 W. BOSTON STREET
CHANDLER, AZ  85226 – (480) 753-4474